```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                 :
FAMILY OF CARE REAL ESTATE
HOLDING CO., INC., et al.        :

    v.                           :
                                     Civil Action No. DKC 23-0574
                                 :
CHAPMAN PROPERTY, LLC
                                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving a disputed sale of a nursing home are the "emergency motion" to compel disclosure and prohibit publication filed by Plaintiffs Family of Care Real Estate Holding Co., Inc., and Charles County Nursing and Rehabilitation Center, Inc., (ECF No. 33), and the motion to seal filed by Defendant Chapman Property, LLC, (ECF No. 34). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion will be denied, and Defendant's motion will be granted.

Plaintiffs filed a motion on May 1, 2023, seeking "emergency relief" related to one of the exhibits to Defendant's opposition to Plaintiffs' motion to dismiss Defendant's counterclaim. (ECF No. 33). Plaintiffs describe the exhibit as a "Confidential Information Memorandum" (the "Memorandum"), which contains information that was intended to be available only to authorized

potential lessees of the nursing home. (*Id.* at 1). As the Memorandum explains, Plaintiffs sought to lease the nursing home to a third party during the pendency of this litigation with plans to sell the nursing home to that party if the court ultimately determines that Plaintiffs are not obligated to sell it to Defendant. The Memorandum was made available to potential lessees through a non-public "digital data room," and potential lessees were required to sign confidentiality agreements to access it. (*Id.* at 3).

According to Plaintiffs, the Memorandum contains confidential financial and other information that constitutes trade secrets, including tables of profit and loss expenses, the asking price and deposit for the nursing home, the proposed lease price, the proposed break-up fee, and operations information. (*Id.* at 2). Plaintiffs assert that Defendant wrongfully obtained the Memorandum and improperly disclosed it to the public by filing it with the court. Plaintiffs request as relief an order (1) prohibiting Defendant from further publicizing Plaintiffs' confidential information, (2) directing Defendant to sequester and destroy all copies of the Memorandum in its possession, and (3) compelling Defendant to disclose how and from whom it obtained a copy of the Memorandum and what other information it received from that party. (*Id.* at 6).

Defendant filed a motion to seal the exhibit later that same day. (ECF No. 34). The Memorandum was placed under seal pending resolution of the motion. Defendant proposes that a redacted version of the Memorandum be unsealed, including redactions of the aforementioned information identified by Plaintiffs as confidential. (*Id.* at 2). Plaintiffs filed a limited opposition to Defendant's motion. (ECF No. 36). They do not take issue with any of the specific redactions or request any additional redactions but instead request that the entire Memorandum remain under seal.

There is a common law presumption in favor of public access to all "judicial records and documents" and a First Amendment guarantee of access to certain judicial records, although the public's interest in access is generally lower for documents filed prior to trial in civil cases. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, n.19 (1984). This court's local rules allow parties to request that certain documents in the court record be filed under seal. Local Rule 105.11 requires that motions to seal "include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." In ruling on a motion to seal, a court "must consider less drastic alternatives to sealing and,

if it decides to seal documents, must state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Stone*, 855 F.2d at 181 (internal quotation marks omitted).

Plaintiffs argue that the entire Memorandum should be sealed because it is a confidential, non-public document that contains financial information and trade secrets. They provide a declaration by the Chief Financial Officer of Charles County Nursing and Rehabilitation Center, Inc., who identifies financial information in the Memorandum that is not available to the public. (ECF No. 38-1). All the specific information he identifies has been redacted in the version Defendant proposes to unseal, including "details of expenses related to COVID-19 and legal fees," "the proposed lease amount [and] purchase price," and "expense reports." Indeed, upon review of the redacted version, there is no financial data left unredacted—it contains little more than descriptions of the facility and its location, proposed general lease terms, information about the pending litigation, and instructions for how to submit a letter of intent to lease the property. Plaintiffs have not identified specific information that needs to be sealed beyond what Defendant already proposes to redact or provided specific reasons for sealing the information that Defendant proposes to leave unredacted.

4

The declaration also states that part of the reason that the Memorandum was "confidential" was that it was "not publicly known that Plaintiffs were attempting to lease the Facility and enter into an arrangement to sell the Facility at the end of the lease term pending a finding as to Defendant's right to seek specific performance." (*Id.* at 2). It goes on to say that "Plaintiffs anticipated that Defendant would interfere with their right to lease the Facility, . . . and there was no reason for the Plaintiffs to disclose the proposed transaction to either the Defendant or the court at this stage of the litigation (if ever)." (*Id.* at 3). This is not a reason to seal the Memorandum; at this point, both Defendant and the court are aware of Plaintiffs' plans to lease the facility, and it is unclear from whom else Plaintiffs would want to hide this information.

Aside from the contents of the Memorandum, Plaintiffs' primary argument for sealing the entirety of the Memorandum is that Defendant "stole[]" it or obtained it "surreptitiously." (ECF No. 36, at 2). Plaintiffs do not provide any support for their suspicions that Defendant engaged in unlawful or unethical behavior to obtain the document. Defendant states in its opposition to Plaintiffs' motion that the Memorandum was "voluntarily provided" to it, "unsolicited," by an "industry partner." (ECF No. 37, at 8). In any event, this question of how Defendant came into possession of a copy of this Memorandum is

5

outside the scope of the claims in this case. The Memorandum itself, however, appears to be relevant to the claims in this case. Seeing no specific or persuasive reason why redaction is not a sufficient alternative to sealing the entirety of the Memorandum, Defendant's motion will be granted, and the redacted version will be unsealed.

As for Plaintiffs' motion, the relief they seek is extraordinary and unusual at this stage in the litigation. As previously stated, it is far from established that Defendant violated any rules or laws in obtaining the Memorandum, and the Memorandum is relevant to the issues in this case. The parties will, in due course, have the opportunity to resolve issues of confidentiality of discovered materials at a Rule 26(f) conference or upon the filing of a Rule 26(c) motion, should Plaintiffs choose to file one.

For the foregoing reasons, Plaintiffs' motion will be denied, and Defendant's motion will be granted. The redacted version of the exhibit will be unsealed, but the unredacted document will remain under seal. A separate order will follow.

                                                    /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge