IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| FAMILY OF CARE REAL ESTATE HOLDING CO., INC., *et al.*, | )<br>)<br>) |
| *Plaintiffs/Counterclaim Defendants*, | )<br>) Civil Case No.: 8:23cv574-DKC |
| v. | )<br>) |
| CHAPMAN PROPERTY, LLC, | )<br>) |
| *Defendant/Counterclaimant*. | )<br>) |

**MEMORANDUM IN SUPPORT OF CHAPMAN PROPERTY, LLC'S MOTION TO SUSPEND LOCAL RULE 104.8 WITH RESPECT TO CHAPMAN'S MOTION TO COMPEL ON-SITE INSPECTION**

Defendant and Counterclaimant Chapman Property, LLC ("Chapman"), by counsel, and pursuant to Local Rule 604, states as follows in support of its Motion to Suspend Local Rule 104.8. For the reasons stated herein, Chapman respectfully requests the Court suspend the procedures outlined in Local Rule 104.8 with respect to Chapman's Motion to Compel On-Site Inspection.

1. This case concerns the sale of a skilled nursing facility located in La Plata, Maryland (the "Facility") and certain parcels on the surrounding 16.82-acre campus (together with the Facility, the "Property"). Plaintiffs/Counter-Defendants (collectively, "Sellers") agreed to convey the Property to Chapman for $28.2 million pursuant to an Asset Purchase Agreement dated September 12, 2022 (the "APA").

2. The instant dispute arises from Chapman's request to conduct an on-site inspection of the Facility pursuant to Federal Rule of Civil Procedure 34, which Sellers have refused. Chapman seeks suspension of the procedures outlined in Local Rule 104.8 to immediately file a

Motion to Compel On-Site Inspection, attached to Chapman's Motion as **Exhibit A**, and to facilitate a prompt resolution of this dispute before the expert disclosure deadline on **December 22, 2023**, and the discovery cutoff on **January 24, 2024**. (ECF No. 79.)

3. From September 12, 2022 (the date the parties executed the APA) through the Closing Date (which has not occurred), APA § 14(a) requires Sellers to "operate and maintain the Property and the Facility as a skilled nursing facility, substantially in accordance with its respective licenses and Permits and consistent with its operation and maintenance at the time of execution of this Agreement . . . ." (APA § 14, ECF No. 22-1.) Chapman's breach of contract claim depends, in part, on Sellers' failure to operate and maintain the Facility consistent with its operation at the time of the APA's execution. (Countercl. ¶¶ 23-27, 57, ECF No. 22.)

4. To this end:

- Chapman propounded discovery to Sellers on September 25 seeking information concerning the operation and maintenance of the Facility. For example. Chapman Interrogatory No. 5 states: *Identify and describe all steps you took to operate the Facility consistent with its operation at the time of the execution of the APA between September 2, 2022, and February 17, 2023*. In response, Sellers merely denied the existence of any changes to the operation and maintenance of the Facility. (*See* Ex. A-1, Sellers' Answers to Interrogs. at 5.)

- Chapman Request for Production No. 2 asked Sellers to**:** *Produce all non-privileged documents and communications concerning, referencing, or relating to the party's performance under the APA*. To date, Sellers have not produced sufficient documents demonstrating how they have operated or maintained the Facility.

- Chapman requested an onsite inspection of the Facility to which Sellers refused. Thereafter, the parties informally conferred with Judge Quereshi, who suggested Chapman seek more "targeted" information via written discovery concerning the Facility's operation and maintenance before performing an on-site inspection.

- On October 18, 2023, Chapman issued its second set of requests for production seeking additional information concerning Sellers' operation and maintenance of the Facility. To date, Sellers have provided only three documents with limited information in response to these requests. (*See* Ex. A-2, Chapman's Second Set of Requests for Production.)

- On November 3, 2023, Chapman served Sellers with a formal Rule 34 request to inspect the Facility. (*See* Ex. A-4, Rule 34 Request for Inspection.)

- On November 7, 2023, the parties conferred telephonically at which point Sellers again refused Chapman's request for an on-site inspection.

- On November 9, 2023, Chapman sought an extension of various Scheduling Order deadlines. (ECF No. 75-2.) In support, Chapman foreshadowed its "inten[t] to file a motion to compel Sellers to permit an inspection." *Id.* at 11. Chapman argued: "Until that motion is resolved, Chapman's expert cannot draft a complete report concerning the Facility's operation and maintenance. Nor can Chapman gather all evidence necessary to support its breach of contract claim." *Id.*

- On November 17, 2023, this Court granted Chapman's motion, in part, finding good cause to (among other things) extend the deadline for expert disclosures until December 22, 2023, and extend the close of discovery until January 24, 2024. (ECF No. 79.)

5. Local Rule 104.8 governs the procedure regarding motions to compel in this District.

> If a party is dissatisfied with an opposing party's response to a discovery request, the party may serve on the opposing party a motion to compel. Local Rule 104.8(a) (D. Md. 2023). The opposing party must serve a response within 14 days, and the moving party shall serve any reply memorandum within 14 days thereafter. *Id.* The Rule expressly states that these papers should not be filed with the Court. *Id.* After "all of the documents relating to the motion to compel" have been served, the parties must hold a discovery conference under Rule 104.7. *Id.* 104.8(b). "Only after this exchange may the requesting party file the papers with the Court, and only if the dispute still remains despite the parties' sincere efforts to resolve it." *Maxtena v. Marks*, 289 F.R.D. 427, 436 (D. Md. 2012) (emphasis in original) (quoting *Anderson v. Reliance Standard Life Ins. Co.*, 2011 WL 4828891, at *2 (D. Md. Oct. 11, 2011)). Full compliance with the Local Rules is important because it "encourage[es] parties to narrow their disputes prior to seeking judicial intervention." *Id.*

*G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, 2023 WL 6127592, at *1 (D. Md. Sept. 19, 2023).

6. Local Rule 604, however, allows for the suspension of the provisions of any local rule "for good cause shown." *See* Local Rule 604. Here, good cause exists to suspend Local Rule 104.8's procedural requirements and permit Chapman to file its Motion to Compel On-Site Inspection immediately.

3

7.      Sellers have steadfastly refused Chapman discovery into Sellers' operation and maintenance of the Facility. They have also refused an on-site inspection which is not only relevant to Chapman's Counterclaim, but also essential to its expert's ability to generate a fulsome and thorough expert report. The parties have had numerous phone conversations about Chapman's on-site inspection request, and have even informally briefed the issue to—and obtained the assistance of—Judge Quereshi, yet the parties remain at an impasse. There is no secret to the parties' positions and compliance with Local Rule 104.8 is highly unlikely to change the parties' views concerning Chapman's requested inspection.

8.      Perhaps most importantly, if the parties remain obligated to satisfy Local Rule 104.8's procedural requirements, Chapman will not be able to file its Motion to Compel until, at the earliest, **December 19, 2023**. That means it would be almost impossible for Chapman to obtain Court authorization to perform, and then conduct, the on-site inspection at Sellers' Facility and prepare the necessary expert report to meet the Court's amended expert disclosure deadline by **December 22**. Chapman respectfully suggests the better course is to permit Chapman to file its Motion to Compel now so the parties can learn, one way or the other, whether an on-site inspection will be permitted.

9.      Chapman served its Motion to Compel Facility Inspection on Sellers' counsel on November 21, 2023. Sellers' response is currently due Tuesday, December 5, 2023. Unless the Court orders an expedited briefing schedule, Chapman will file its reply as soon as possible following receipt of Sellers' response, so that the Motion to Compel On-Site Inspection is fully briefed and ripe for the Court's review ahead of the current December 22 expert disclosure deadline.

10. For these reasons, Chapman respectfully requests the Court grant its Motion to Suspend Local Rule 104.8 With Respect to Chapman's Motion to Compel On-Site Inspection.

> CHAPMAN PROPERTY, LLC
>
> By: /s/ *Amanda H. Bird-Johnson*
> Brendan D. O'Toole, Esquire (pro hac vice)
> Amanda H. Bird-Johnson, Esquire (pro hac vice)
> WILLIAMS MULLEN
> 200 S. 10th Street, Suite 1600 (23219)
> P.O. Box 1320
> Richmond, VA  23218-1320
> Telephone: (804) 420-6000
> Fax: (804) 420-6507
> Email: botoole@williamsmullen.com
>             abird-johnson@williamsmullen.com
>
> Michael D. Maloney, Esquire (No. 11592)
> WILLIAMS MULLEN
> 8350 Broad Street, Suite 1600
> McLean, VA  22102
> Telephone: (703) 760-5230
> Fax: (703) 748-0244
> Email:  mmaloney@williamsmullen.com
>
> *Counsel for Chapman Property, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of November 2023, I filed the foregoing memorandum using the Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all counsel of record.

> By: /s/ *Amanda H. Bird-Johnson*
> Amanda H. Bird-Johnson, esq. (pro hac vice)
> WILLIAMS MULLEN
> 200 S. 10th Street, Suite 1600 (23219)
> P.O. Box 1320
> Richmond, VA  23218-1320
> Telephone: (804) 420-6000
> Fax: (804) 420-6507
> Email: abird-johnson@williamsmullen.com